2018R01103/JMR-SAA/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| v. | : | Crim. No. 20-10 (JHR) |
| HURRIYET ARSLAN | : | CONSENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about January 6, 2020 defendant Hurriyet Arslan pleaded guilty pursuant to a plea agreement with the United States to a three-count Information, which charged him with (i) conspiracy to commit mail fraud, contrary to 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349 (Count One), (ii) bank fraud, in violation 18 U.S.C. § 1344 (Count Two), and (iii) money laundering, in violation of 18 U.S.C. § 1957 (Count Three);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of a conspiracy to commit mail, and wire fraud, contrary to 18 U.S.C. §§ 1341, 1343, and 1344, in violation of 18 U.S.C. § 1349, as alleged in Count One of the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(2), a person convicted of bank fraud, in violation of 18 U.S.C. § 1344, as alleged in Counts One and Two of the Information, shall forfeit to the United States all property constituting, or derived from, proceeds the person obtained directly or indirectly as a result of such violation;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of money laundering, in violation of 18 U.S.C. § 1957, as alleged in Count Three of the Information, shall forfeit to the United States, any property, real or personal, involved in such offense;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count One of the Information;

WHEREAS, the defendant further agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), all property constituting, or derived from, proceeds the person obtained directly or indirectly as a result of the bank fraud offense charged in Counts One and Two of the Information;

WHEREAS, the defendant further agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the money laundering offense charged in Count Three of the Information;

WHEREAS, on November 1, 2018 and December 18, 2018, the following currency was seized:

    a.    $109,915 in funds from Account ending in 3540 held in the name of Deal Automotive Services, LLC at Credit Union of New Jersey;

    b.    $23,002,309.61 in funds from Account ending in 8989 held in the name of Deal Automotive Services, LLC at TD Bank;

    c.    $30,802 in funds from Account ending in 7783 held in the name of Deal Automotive Services, LLC at TD Bank; and

    d.    $110,000 in funds from 3 cashier's checks drawn on the account of Deal Automotive Services, LLC at TD Bank,

(collectively the "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Hurriyet Arslan:

(1)    Agrees to forfeit to the United States all of his right, title and interest in the Specific Property, which the defendant admits is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) and (a)(2);

(2)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(3) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon his in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(4) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a further result of the defendant's conviction of the offenses charged in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and (a)(2) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall be final against defendant Hurriyet Arslan, shall be made part of the sentence of defendant Hurriyet Arslan, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall

maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days

from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 6th day of January, 2020.

_____
Honorable Joseph H. Rodriguez
Senior United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

_____  Dated: 1-06-2020
By: JASON M. RICHARDSON
SARA A. ALIABADI
Assistant United States Attorneys


_____  Dated: 1-06-2020
CHRISTOPHER O'MALLEY, ESQ.
Attorney for Defendant
Hurriyet Arslan

_____  Dated: 1-06-2020
HURRIYET ARSLAN,
Defendant