2018R001103/JMR/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| v. | : | Crim. No. 20-10 (JHR) |
| HURRIYET ARSLAN, | : | FINAL ORDER OF FORFEITURE |
| Defendant. | : | |

WHEREAS, on or about January 6, 2020, defendant, Hurriyet Arslan, pleaded guilty, pursuant to a plea agreement with the United States, to a three-count Information, which charged him with (i) conspiracy to commit mail fraud, wire fraud, and bank fraud, contrary to 18 U.S.C. §§ 1341, 1343, and 1344, in violation of 18 U.S.C. § 1349 (Count One); (ii) bank fraud, in violation 18 U.S.C. § 1344 (Count Two); and (iii) money laundering, in violation of 18 U.S.C. § 1957 (Count Three);

WHEREAS, as part of his plea agreement, the defendant consented to the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) and (2), of all of the defendant's right, title, and interest in the following specific property:

    a.    $109,915 in funds from an account ending in 3540, held in the name of Deal Automotive Services, LLC at the Credit Union of New Jersey;

    b.    $23,002,309.61 in funds from an account ending in 8989, held in the name of Deal Automotive Services, LLC at TD Bank;

   c. $30,802 in funds from an account ending in 7783, held in the name of Deal Automotive Services, LLC at TD Bank; and

   d. $110,000 in funds from 3 cashier's checks drawn on the account of Deal Automotive Services, LLC at TD Bank,

(collectively, the "Specific Property");

WHEREAS, on or about January 6, 2020, the Court entered a Consent Judgment and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant), which became final as to the defendant at the time of entry, pursuant to Rule 32.2(b)(4), and forfeited to the United States all of defendant Hurriyet Arslan's right, title, and interest in the Specific Property, for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1);

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6) require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), a Notice of Forfeiture with respect to the Specific Property was posted on an official government internet site, namely www.forfeiture.gov, beginning on January 9, 2020, and running for thirty consecutive days through February 7, 2020, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  Proof of publication was filed with the Court on or about March 19, 2020;

WHEREAS, the published notice explained that any person asserting a legal interest in the Specific Property was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that, if no such petitions were filed following the expiration of the period for the filing of such petitions, the United States would have clear title to the Specific Property, in accordance with Rule G(5)(a)(ii)(B) of the Supplemental Rules;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property where no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site and no timely petitions were filed by persons who were sent direct notice of the forfeiture, in accordance with the procedures prescribed in Rule G(5)(a)(ii)(B) of the Supplemental Rules;

WHEREAS, no petitions were filed or made in this action as to the Specific Property, no other parties have appeared to contest the action as to the Specific Property to date, and the statutory time periods in which to do so have expired;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Specific Property.

NOW, THEREFORE, on the application of Craig Carpenito, United States Attorney for the District of New Jersey (Sarah Devlin, Assistant United States Attorney, appearing),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law.

2. The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

3. The Clerk of the Court shall to send copies of this Order to all counsel of record.

ORDERED this 21st day of July , 2020.

_____
HONORABLE JOSEPH H. RODRIGUEZ
United States District Judge